ASSUMPSIT.

## Orear *vs* Botts.

ERROR TO THE MONTGOMERY CIRCUIT.

*Case* 100.

*Frauds—Statute of.   Parol leases and sales.*

*May* 1.

JUDGE MARSHALL delivered the opinion of the Court.

Assumpsit cannot be maintained by a vendee of land by parol, for improv'mt made, although vendor may have repudiated the con-

IT was decided by this Court, in the case of *Shreve* vs *Grimes*, (4 *Littell*, 220,) that a purchaser of land by parol, could not recover in assumpsit from the vendor, after he had repudiated the contract, the value of improvement or ameliorations made on the land by the vendee before such repudiation.   And although we are not

satisfied that an assumpsit, to remunerate the vendee to the extent of the actual benefit derived from his labor by the vendor, might not be implied, on the ground that the vendor, in violation of his promise, voluntarily takes, to himself the labor of the vendee, which had been authorized and induced by a reliance on that promise; yet as there has been a decision of this Court against it, and as the question of improvements is, in such cases, involved with the question of rents, and the Court of Equity which seems to be the more appropriate tribunal for settling these questions, affords an adequate and well known remedy; and as, moreover, the application of the action of assumpsit to the recovery of the value of improvements as a separate subject, might tend to embarrass rather than to facilitate the proper adjustment of such cases, we do not feel authorized, in opposition to the case referred to, and in the absence of direct authority to the contrary, to extend the doctrine of implied assumpsit to the present case.

In this case it is true, there was not an absolute sale of the land, but a parol lease or license to occupy for life, and there are some other distinguishing circumstances: but although these distinguishing circumstances might show that the reasoning of the Court in the case of *Shreve vs Grimes*, does not fully apply to the case before us, they would still leave it within the principle then declared. If that principle be correct, the peculiar circumstances referred to are not such as should relieve this case from its operation; nor are they such as to obviate the objections to opening this new field of implied assumpsits, or to giving such an application of the action of assumpsit as by submitting to a jury the assessment of damages arising out of a violation, by the vendor, of his parol contract for the sale of land, might effect a virtual repeal of the statute of frauds on that subject.

There was no error, therefore, in instructing the jury to find as in case of a non-suit, and the judgment is affirmed.

*Apperson* for plaintiff: *Peters* for defendant.

---

*Margin notes:*

OREAR
vs
BOTTS.

tract: *Shreve vs Grimes*, (4 *Litt.* 220.) Chancery will afford the appropriate relief.

The same doctrine applies to the case of a parol lease for life.